NORMAN M. CLAPP, Secretary, Department of Transportation
You have asked my opinion as to the latitude of a court in drunk driving cases to send the driver to traffic safety school under sec. 345.16, Stats., in lieu of other penalties. You also ask as to the authority of the Division of Motor vehicles in this context under sec. 343.75, Stats.
It is my understanding that there is Federal money available for counseling and rehabilitating drunk drivers. It is proposed to set up a program under which a court could waive the usual penalties for drunk driving and instead send the driver to a special safety school where he would take part in a program designed to help him with his drinking problem. The question which has arisen is whether this could be accomplished within the framework of existing legislation. The answer is yes.
Drunk driving is punishable under sec. 346.63 (1), Stats. Section 346.65 (2), Stats., provides penalties of fine or imprisonment *Page 262 
or both. Section 343.30 (1q), Stats., provides a further penalty of revocation of the driver's license for 90 days to 6 months. Section 346.16, Stats., reads:
"(1) In addition to or in lieu of other penalties provided by law for violation of chs. 346 to 348, the trial court may in its judgment of conviction order the convicted person to attend, for a certain number of school days, a traffic safety school whose course and mode of instruction is approved by the administrator of the division of motor vehicles and which is conducted by the police department of the municipality, the sheriff's office of the county or by any regularly established safety organization.
"(2) This section also applies in the case of an adjudication of violation of a local traffic regulation which is in conformity with chs. 346 to 348."
This statute authorizes a court, which has found a driver guilty of drunk driving, to waive the criminal penalties and the revocation penalty and instead direct the driver to attend a traffic safety school. Under this statute, the court must first convict the driver before he can be sent to such school. The language "the court may in its judgement of conviction order the convicted person to attend" makes this point clear. The court should report this conviction to the Division of Motor Vehicles as required by sec. 343.28, Stats. However, in order that the Division of Motor Vehicles will not show a revocation on its records, the court should also be requested to report to that Division the fact that no revocation was ordered and that driver's school was ordered instead. This procedure would apply to a first conviction for drunk driving.
As to second and subsequent convictions for drunk driving, the procedure would be slightly different. In such cases the court does not have power to revoke the driver's license under sec. 343.30 (1q), Stats., as it does for a first offense. The court does have discretionary authority to revoke under sec. 343.30
(1), Stats., but this power is rarely used. For second and subsequent convictions, the Division of Motor Vehicles is required to revoke the driver's license for *Page 263 
one year under sec. 343.31 (1) (b), Stats. However, sec. 343.75, Stats., provides:
"The administrator may exempt certain persons from one or more of the mandatory requirements of ch. 343 to establish a test group in order to compare this group with a group of persons not exempted from any of the mandatory requirements of ch. 343. After comparing these 2 groups, the administrators shall determine what effect, if any, that a particular mandatory requirement may have on highway safety in this state. The administrator shall submit any findings in this regard to the secretary who shall include them in his report required under s. 15.04 (4)."
Under this statute, the Division of Motor Vehicles would be authorized to exempt certain of these drivers from such revocation for the purpose of establishing a test group in order to compare this group with another group of persons not exempted.
As to second and subsequent convictions, the court could, in its discretion, waive the criminal penalties and in place thereof, direct the driver to attend traffic safety school. The court itself would not waive the revocation because in these cases it is the Division of Motor Vehicles and not the court which orders the revocation. Then the Department of Motor Vehicles, acting under sec. 343.75, Stats., could exempt certain of these drivers from the revocation for the purpose of establishing a test group. It would then be possible to compare the subsequent driver records of these persons who attended the traffic safety school with the records of other drivers who did not so attend.
I wish to make it clear that participation in the operation of this program by the courts is purely discretionary on their part. They have the authority under sec. 345.16, Stats., to waive the penalties and send drivers to such traffic schools. However, they are in no sense compelled to do this. Each such judge is free to decide for himself in each case which comes before him whether the particular driver involved should be handled in this way.
RWW:AOH *Page 264